**F I L E D**

UNITED STATES COURT OF APPEALS

**APR 10 1998**

FOR THE TENTH CIRCUIT

PHYLLIS ADKINS,

      Plaintiff-Appellant,

v.

TOWER CORPORATION, doing
business as Executive Tower Inn, a
Colorado corporation,

      Defendant-Appellee.

No. 97-1108
(D.C. No. 96-WY-371-CB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, appellee's

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

request for oral argument is denied, and the case is ordered submitted without oral argument.

Plaintiff Phyllis Adkins brought this action against defendant Tower Corporation, d/b/a Executive Tower Inn (Tower), alleging retaliatory discharge in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Plaintiff also brought state law claims for violation of the public policy of the State of Colorado and for outrageous conduct. Following trial, a jury found in favor of Tower.

On appeal, plaintiff asserts two evidentiary errors: (1) that the district court erred in admitting hearsay testimony into evidence, and (2) that the district court erred in refusing to limit the scope of the cross examination of plaintiff's rebuttal witness pursuant to Fed. R. Evid. 611. Following careful consideration of the briefs and designated record in this appeal, we affirm.

## I. Facts

On or about April 8, 1994, plaintiff was hired by Tower as Director of Sales at the Executive Tower Inn in Denver, Colorado. She was hired by the general manager at the time, Rabah Khatib. Approximately one month later, upon the recommendation of plaintiff, Tower hired Andrea Knight as a sales manager.

Plaintiff described Ms. Knight as of Hispanic origin, and as hearing impaired. Plaintiff contended that after Ms. Knight was hired, the Assistant General Manager, Debbie Hartman, began treating Ms. Knight in a less favorable manner in that she "spoke rudely to Knight, inadequately trained her, and reassigned Knight's delegated job duties to a white sales manager." Appellant's Opening Br. at 4. Plaintiff claimed that in the summer of 1994, Ms. Hartman told her to terminate Ms. Knight, but after discussing Ms. Knight's performance with Mr. Khatib, plaintiff refused to do so.

Plaintiff contended that while plaintiff was out of town, Ms. Hartman audited her sales files and "targeted Knight" with unsubstantiated notations. Id. at 5. Being of the opinion that Ms. Hartman's attitude toward Ms. Knight was discriminatory, plaintiff alleged that she had several other discussions with Mr. Khatib about the problem. Plaintiff claimed that despite Ms. Knight's superior job performance, due to the intensity of Ms. Hartman's discriminatory attitude, Ms. Knight resigned in October 1994.

Following Ms. Knight's resignation, plaintiff alleged she was instructed to draft a statement documenting her perception of the problems with Ms. Knight. Plaintiff contended that in her original written statement she documented her belief that Ms. Knight was treated in an unfair and discriminatory manner by Ms. Hartman. At a subsequent meeting with Ms. Hartman and Mr. Khatib, Ms.

Hartman denied the allegations in plaintiff's statement, and plaintiff alleged that Mr. Khatib ordered her to rewrite the statement.

Plaintiff's second draft was faxed by Mr. Khatib to Tower's president, Herbert Wasserman. According to plaintiff, Mr. Wasserman then drafted his own statement for plaintiff to sign, deleting all of plaintiff's statements regarding Ms. Hartman's treatment of Ms. Knight. Plaintiff alleged that because she expressed a high level of discomfort in signing the statement prepared by Mr. Wasserman, the statement was once again redrafted to state that Ms. Knight was always treated fairly. Still refusing to sign, plaintiff asserted that the statement was finally redrafted to state that *plaintiff* always treated Ms. Knight fairly. Plaintiff signed this draft on November 1, 1994, in front of a notary public. On November 4, 1994, plaintiff was terminated by Mr. Khatib. In her complaint, plaintiff claimed, inter alia, that her termination was in retaliation for her objections to the discriminatory treatment of Ms. Knight. Following trial, a jury found in favor of Tower. Plaintiff appeals, and we affirm.

## II. Discussion

### A. Standard of Review

On appeal, the district court's evidentiary rulings are reviewed for an abuse of discretion, considering the record as a whole. See United States v. Trujillo,

No. 97-6067, 1998 WL 72152, at *7 (10th Cir. Feb. 23, 1998). "Because hearsay determinations are particularly fact and case specific, we afford heightened deference to the district court when evaluating hearsay objections." Id.

## B. Hearsay

Plaintiff asserts that the trial court erred in admitting the hearsay testimony of Mr. Wasserman as to conversations he had with Mr. Khatib regarding plaintiff's job performance and Mr. Khatib's intent to fire plaintiff. It appears that at the time of plaintiff's trial in this matter, Mr. Khatib had left his employment at the Executive Tower Inn, and, for reasons unknown to this court, he was being sued by Tower. Although Tower initially subpoenaed Mr. Khatib and designated him on its witness list, when Mr. Khatib, who had since moved out of state, moved to quash the subpoena, Tower did not oppose the motion. Apparently both Tower and plaintiff deposed Mr. Khatib in preparation for their respective lawsuits. Plaintiff did not subpoena Mr. Khatib to testify in person or by deposition.

At trial, Mr. Wasserman testified as to conversations he had with Mr. Khatib regarding the latter's concern that plaintiff was causing "divisiveness in the sales department," that "there was a lack of training," and that Mr. Khatib was generally "dissatisfied with the operations of the department, and . . . with the

sales results." Appellant's App. Vol. 2 at 572. Mr. Wasserman testified that he did not learn of plaintiff's discharge "until after the fact," and although he expressed support, it was Mr. Khatib's decision to terminate plaintiff. Id. at 574.

In response to plaintiff's objection to this testimony as hearsay, the court initially stated its intention to allow the testimony under the business records exception to the hearsay rule. See id. at 569. Immediately thereafter, in a sidebar discussion of the ruling, the court stated that it was allowing the testimony under the "public records" exception of Fed. R. Evid. 803(6) and (8)[1] as "information that came to [Wasserman] in the regular course of his duties, in the form of a report." Id. at 571. We need not definitively address plaintiff's argument that Mr. Wasserman's testimony does not fit under either the business records or public records exception to the hearsay rule, however, because we agree with Tower's argument that the testimony was not hearsay.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence cannot be admitted at

[1]    Rule 803(6) provides an exception to the hearsay rule for records of regularly conducted business activity, in the form of "[a] memorandum, report, record, or data compilation, . . . made at or near the time by, . . . a person with knowledge." Rule 803(8) exempts from the rule those "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies."

trial unless it falls under an exception.  See Fed. R. Evid. 802.  We agree with Tower's contention that Mr. Wasserman's testimony was not offered to prove the truth of the matter asserted--that plaintiff's job performance was deficient--but only to show Mr. Khatib's state of mind in deciding to terminate plaintiff.

Once plaintiff had established a prima facie case that her termination was in retaliation for her stand against the alleged discriminatory treatment of Ms. Knight, Tower had to establish legitimate business reasons for the termination. See Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993) (once a prima facie case of retaliation is established, burden shifts to defendant to establish legitimate, nondiscriminatory reasons for the termination).  The legitimate business reasons offered must be "'admissible evidence.'"  Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1434 (10th Cir. 1993) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981)).  "Statements offered for the effect on the listener . . . are generally not hearsay."  Id.

In Faulkner, this court held admissible certain out-of-court statements which were "offered to establish [defendant's] state of mind in making its hiring decisions and [were] not offered for the truth of the matter asserted."  Id.[2]  Here,

---

[2]    We note that in her reply brief, plaintiff asserts that Faulkner is distinguishable in that, in Faulkner, the trial court issued a limiting instruction regarding the disputed testimony.  See 3 F.3d at 1435.  Federal Rule of Evidence 105 requires a limiting instruction "upon request."  Here, there is no evidence that
(continued...)

we conclude that Mr. Wasserman's testimony as to what Mr. Khatib told him regarding plaintiff's job performance was not offered to prove that plaintiff's job performance was lacking, but only to demonstrate that Mr. Khatib thought there were legitimate business reasons for his decision to terminate plaintiff. Therefore, the testimony was not hearsay and was properly admitted.

## C. Scope of Cross-Examination

Next, plaintiff argues that the trial court erred in failing to limit the scope of defendant's cross examination of Mr. Khatib, plaintiff's rebuttal witness, pursuant to Fed. R. Evid. 611(b). Rule 611(b) states that "[c]ross-examination should be limited to the subject matter of the direct examination and the matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination."

In rebuttal to Mr. Wasserman's testimony that he did not direct Mr. Khatib to fire plaintiff, plaintiff called Mr. Khatib to testify through a deposition taken in a lawsuit brought by Tower against Mr. Khatib. Over Tower's objection, the court allowed the testimony, noting that it had previously ruled that Mr. Khatib's deposition could be used as rebuttal evidence, that the rules permitted the use of a

---

[2](...continued)
plaintiff requested a limiting instruction as to Mr. Wasserman's testimony. Therefore, we determine plaintiff's attempt to distinguish Faulkner on this point unpersuasive.

deposition from another case, that Tower was obviously aware of the deposition, and that Mr. Khatib was unavailable as beyond the one-hundred mile subpoena distance. See Appellant's App. Vol. 2 at 654-55. Plaintiff then read into the record a portion of Mr. Khatib's deposition in which he asserts that Mr. Wasserman told him to "get rid" of plaintiff. Id. at 657-59.

On cross-examination, the court allowed Tower to admit testimony from Mr. Khatib's deposition taken in plaintiff's case. Tower read into the record all of Khatib's deposition testimony regarding his concerns about plaintiff's job performance and specific acts of insubordination, complaints about plaintiff from other employees, his involvement in requiring plaintiff to draft an affidavit regarding Knight's resignation, and his eventual termination of plaintiff. See id. at 663-84.

A timely objection is necessary in order to preserve an evidentiary error for appeal. See Fed. R. Evid. 103(a)(1). Because plaintiff made timely and proper objection to only one deposition question in approximately twenty-four pages of testimony, the bulk of the challenged testimony can be reviewed on appeal only for plain error. See Wheeler v. John Deere Co., 862 F.2d 1404, 1409 n.1 (10th Cir. 1988). "The plain error exception in civil cases has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial

proceedings." McEwen v. City of Norman, 926 F.2d 1539, 1545 (10th Cir. 1991) (quotations omitted).

Plaintiff contends that her direct examination of Mr. Khatib was on the one question of whether, in one conversation, Mr. Wasserman had directed Mr. Khatib to fire plaintiff. She argues that the court's indulgence in admitting significant portions of Mr. Khatib's deposition testimony regarding her job performance and the circumstances of her termination was reversible error as beyond the scope of direct examination. We do not agree.

Here, plaintiff elicited testimony from Mr. Khatib which would indicate that he fired plaintiff solely because Mr. Wasserman instructed him to do so. By so doing, plaintiff opened the door to Tower's inquiry into the reasons for Mr. Khatib's termination of plaintiff. It is clear that plaintiff attempted to create a certain impression on the jury. Tower's attempt, on cross-examination, to establish the falsity of that impression, certainly was not beyond the scope of plaintiff's direct examination. Therefore, admission of the testimony was not an abuse of the court's discretion, see Fed. R. Evid. 611(b), nor can we conclude that the testimony so infected the fairness or integrity of the judgment as to constitute plain error, see McEwen, 926 F.2d at 1545.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge